1

2

3

4

5

6

7

8                          **UNITED STATES DISTRICT COURT**

9                         **SOUTHERN DISTRICT OF CALIFORNIA**

10

11   DAVID HIBLER,                                  CASE NO. 11-CV-298 JLS (NLS)

12                                 Plaintiff,        **ORDER: GRANTING**
                                                     **PLAINTIFF'S EX PARTE**
13        vs.                                        **APPLICATION FOR**
                                                     **CONTINUANCE OF DEADLINES**
14                                                   **FOR DEFENDANT'S MOTION TO**
     BCI COCA-COLA BOTTLING COMPANY                  **COMPEL**
15   OF LOS ANGELES,
                                                     (ECF No. 15)
16                                 Defendant.

17

18        Presently before the Court is Plaintiff David Hibler's ex parte application for continuance of

19   deadlines for Defendant BCI Coca-Cola Bottling Company of Los Angeles's motion to compel

20   arbitration. (Ex Parte Appl., ECF No. 15.) Specifically, Plaintiff requests a sixty-day continuance to

21   enable it to conduct discovery relevant to Defendant's pending motion to compel arbitration. (*Id*. at

22   2.) Defendant opposes Plaintiff's ex parte application. (Opp'n, ECF No. 17.) Having considered the

23   parties' arguments and the law, the Court **GRANTS** Plaintiff's ex parte application.

24                                        **BACKGROUND**

25        Plaintiff is Defendant's current employee.  Prior to his employment, Plaintiff signed an

26   agreement to arbitrate all claims arising out of his employment.  (*See* Robinson Decl. ISO Opp'n to

27   Ex Parte Appl. Ex. C, ECF Nos. 17-1 to -4.)  In the instant action, Plaintiff seeks to represent a

28   putative class of Defendant's employees, all of whom Defendant allegedly misclassified as exempt

1   from overtime compensation, meal breaks, and rest breaks. (*See generally* FAC, ECF No. 6.) Pending

2   before the Court is Defendant's motion to compel arbitration and stay the case pending arbitration.

3   (Mot. to Compel, ECF No. 12.)

4          After unsuccessfully meeting and conferring with Defendant's counsel, Plaintiff filed the

5   instant ex parte application for an extension of time to oppose Defendant's motion and to allow him

6   to conduct discovery regarding the procedural unconscionability and inequality of the arbitration

7   agreement. (Ex Parte Appl.) Through discovery, Plaintiff aims to uncover that the agreement was

8   "uniformly presented on a take it or leave it basis to employees who had no choice but to sign what

9   was presented to them by Defendant as their employer." (Blumenthal Decl. ISO Ex Parte Appl. Ex.

10   1, ECF No. 15-1.)

11                                    **LEGAL STANDARD**

12          Federal Rule of Civil Procedure 16(b)(4) and 6(b)(1) require a showing of good cause before

13   modifying a pretrial motion or schedule. Good cause exists if the party can show that the schedule

14   "cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson v.*

15   *Mammoth Recreations*, 975 F.2d 604, 609 (9th Cir. 1992). Moreover, "good cause" is a "non-rigorous

16   standard," and requests for continuance of deadlines should be "granted in the absence of bad faith

17   on the part of the party seeking relief or prejudice to the adverse party." *Ahanchian v. Xenon Pictures,*

18   *Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010). To establish good cause here, Plaintiff must make a prima

19   facie showing that he is entitled to the discovery he seeks.

20          "The FAA provides for discovery . . . in connection with a motion to compel arbitration only

21   if 'the making of the arbitration agreement or the failure, neglect, or refusal to perform the same be

22   in issue.'" *Simula, Inc. v. Autoliv, Inc.*, 175 F.3d 716, 726 (9th Cir. 1999) (quoting 9 U.S.C. § 4). And

23   the making of the arbitration agreement is in issue if the plaintiff alleges that the arbitration clause was

24   fraudulently induced, that one party had overwhelming bargaining power, or that the agreement does

25   not exist. *Granite Rock Co. v. Int'l Broth. of Teamsters*, 130 S. Ct. 2847, 2856 (2010); *Buckeye Check*

26   *Cashing, Inc. v. Cardegna*, 546 U.S. 440, 445 (2006); *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257,

27   1269–70 (9th Cir. 2006) ("We must remain attuned to well-supported claims that the agreement to

28   arbitrate resulted from the sort of fraud or overwhelming economic power that would provide grounds

1   for the revocation of any contract.") (internal quotation marks omitted).  A plaintiff can support his

2   request for discovery by suggesting what evidence he expects to derive from discovery and by

3   suggesting circumstances that may raise doubt as to the formation of the agreement.  *See Ameriprise*

4   *Fin. Services, Inc. v. Etheredge*, 277 F. App'x. 447, 449–50 (5th Cir. 2008); *Wolff v. Westwood Mgmt.,*

5   *LLC*, 558 F.3d 517, 521 (D.C. Cir. 2009) (affirming the district court's refusal to grant discovery in

6   connection with a motion to compel because the appellants failed to demonstrate how the discovery

7   would help oppose the motion).

8                                                             **ANALYSIS**

9            Here, the making of the arbitration agreement is at issue.  First, Plaintiff contends that he was

10   "forced to sign [the arbitration agreement] as a condition of employment with Defendant." (Ex Parte

11   Appl. 3.)    Second, Plaintiff argues that he signed the agreement for a different employment

12   opportunity at Defendant's company and that he did not sign it for his current position.  (Ex Parte

13   Appl. 5 n.5.)  Third, Plaintiff claims that Defendant was in a superior bargaining position.  (Ex Parte

14   Appl. 4.)  Plaintiff contends that the agreement was "forced upon him by his employer in order for

15   Plaintiff to put food on his table."  (*Id.*)  Through discovery, Plaintiff aims to uncover that the

16   agreement was "uniformly presented on a take it or leave it basis to employees who had no choice but

17   to sign what was presented to them by Defendant as their employer." (Blumenthal Decl. ISO Ex Parte

18   Appl. Ex. 1.)  Accordingly, the Court concludes that the making of the arbitration agreement is in

19   issue, and Plaintiff is entitled to limited discovery.  *See Simula*, 175 F.3d at 726.

20           Although the scope of discovery ultimately is an issue for Magistrate Judge Stormes, the Court

21   notes that it by no means intends to give Plaintiff license to embark on a fishing expedition.  "[The

22   Court's] role is strictly limited to determining arbitrability and enforcing agreements to arbitrate,

23   leaving the merits of the claim and any defenses to the arbitrator." *Chiron Corp. v. Ortho Diagnostic*

24   *Sys., Inc.*, 207 F.3d 1126, 1131 (9th Cir. 2000) (internal quotation marks omitted).  Accordingly,

25   merits discovery is surely inappropriate at this stage of the proceedings.   And because the

26   circumstances surrounding the making of the arbitration agreement are unique to Plaintiff, he also is

27   not entitled to classwide discovery at this juncture.

28   //

**CONCLUSION**

For the reasons stated, Plaintiff's ex parte application is **GRANTED**. Plaintiff may conduct limited discovery on the issue of unconscionability, and the hearing date for the motion to compel arbitration remains vacated. Taking into consideration the guidance above, Magistrate Judge Stormes shall determine the scope of discovery and all applicable deadlines, <u>not to exceed a total of sixty days</u>. (*See* Ex Parte Appl. 1 (requesting a sixty day extension of time).) Magistrate Judge Stormes's chambers shall contact this Court's chambers to obtain a new hearing date for the motion to compel arbitration, as well as deadlines for Plaintiff to file his opposition and Defendant to file its reply. The hearing date and amended briefing schedule shall be included in the discovery scheduling order.

**IT IS SO ORDERED.**

DATED: September 14, 2011

_Janis L. Sammartino_
Honorable Janis L. Sammartino
United States District Judge